1  JOHN R. HABASHY, State Bar No. 236708
2  TIFFANY N. BUDA, State Bar No. 232679
   633 W. 5th Street, 28th Floor
   Los Angeles, CA 90071
3  Telephone:  (877) 529-5090
   Facsimile:  (888) 373-2107
4  Email:      john@lexiconlaw.com
               tiffany@lexiconlaw.com
5
   Attorneys for Plaintiff Shon Lindsay
6

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                     SOUTHERN DIVISION

11

12  SHON LINDSAY, an individual          Case No.

13                  Plaintiff,           **COMPLAINT FOR DAMAGES FOR
                                         VIOLATION OF THE FAIR DEBT
14       v.                              COLLECTION PRACTICES ACT
                                         ("FDCPA") 15 U.S.C. §§ 1692 et seq.**
15  WEST COAST CAPITAL GROUP,
    INC.; AND, DOES 1-10,
16  INCLUSIVE,                           **JURY TRIAL DEMANDED**

17                  Defendants.

18

19

20

21

22

23

24

25

26       PLAINTIFF SHON LINDSAY alleges as follows against defendant WEST

27  COAST CAPITAL GROUP, INC., and DOES 1 through 10, inclusive:

28

                                    1    *Lindsay v. West Coast Capital Group, et al*
                              COMPLAINT

## I.  JURISDICTION

1.      Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

2.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

3.      Because Defendant WEST COAST is a corporation within the State of California and conducts business in California personal jurisdiction is established over each and every Defendant.

## II.  VENUE

4.      Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Bernardino, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted a substantial amount of business within this judicial district at all times relevant.

## III.  PRELIMINARY STATEMENT

5.      This complaint is filed by the Plaintiff, Shon Lindsay ("Plaintiff"), an individual consumer, and these proceedings instituted against WEST COAST CAPITAL GROUP, INC. ("WEST COAST"), the owners of Plaintiff's debt, which is a mortgage loan on his primary residence, for damages for WEST COAST'S violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA").

6.      The United States Congress wrote and passed the FDCPA after it found that there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  See 15 U.S.C. § 1692(a).  The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  See 15 U.S.C. § 1692(e).

7.     Plaintiff brings this lawsuit to challenge the actions of WEST COAST with regards to attempts by WEST COAST to unlawfully and abusively collect a debt allegedly owed by Plaintiff by intentionally contacting Plaintiff on his cell phone several times for the purpose of collecting a debt **after WEST COAST knew and acknowledged that it knew the fact that Plaintiff was represented by an attorney,** in violation of the FDCPA, and this conduct caused Plaintiff damages.

## IV.  PARTIES

8.     Shon Lindsay ("Plaintiff") is a natural person who resides in San Bernardino County in the state of California, at 2521 W. Buena Vista Drive, Fontana, California, 92337, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant WEST COAST CAPITAL GROUP, INC. ("WEST COAST") is a California corporation with its headquarters and principal place of business located in Huntington Beach, California, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.     Unless otherwise indicated, the use of WEST COAST'S name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

11.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become

known.

12.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

13.    There is a unity of interest between Defendants, and each acts as the alter ego of the other.

14.    The defendants identified in paragraphs 5 through 9 above shall hereinafter be collectively referred to as "Defendants."

## V.  FACTUAL ALLEGATIONS

15.    In December 2006, Plaintiff borrowed money, approximately $46,000 from non-party Countrywide Home Loans, Inc., secured by real property located in the city of Rialto, in San Bernardino County, owned by the Plaintiff.  The property is Plaintiff's primary residence, and the proceeds of the debt were used to for personal, family and household purposes.

16.    Around 2009, Plaintiff stopped receiving any statements from Countrywide Home Loans, Inc. for the debt. For this reason, Plaintiff fell behind on his payments.

17.    In July 2018, Countrywide Home Loans, Inc. assigned the debt to WEST COAST and WEST COAST became the new owner of Plaintiff's debt.

18.    On or about July 26, 2018, WEST COAST sent a letter to Plaintiff stating that effective August 10, 2018, all servicing of the debt will be transferred to FCI Lender Services, Inc. ("FCI").

19.    On or about August 15, 2018, FCI sent a "welcome letter" to Plaintiff, stating that FCI is servicing the debt on behalf of WEST COAST, and that the amount due was $77,937.97.

20.     On or about August 20, 2018, FCI sent a "Notice of Intent" letter to Plaintiff stating that the loan had been in default since October 1, 2009, and that the entire amount of the debt, including interest and other amounts due on the debt were due by September 20, 2018, or else FCI would invoke a power of sale of Plaintiff's property.

21.     On or about September 1, 2018, FCI sent a letter to Plaintiff demanding a loan payoff of the debt in the amount of $78,237.29, with $31,441.59 representing unpaid interest from September 1, 2009 to September 1, 2018.

22.     Before obtaining representation, defendant Marcel Weise of WEST COAST contacted Plaintiff's wife on her cellular phone for the purpose of collecting the debt, and Plaintiff's wife and caused Plaintiff's wife to feel harassed and intimidated by the call.

23.     On or about September 18, 2018, Plaintiff hired an attorney, John R. Habashy of Lexicon Law PC ("attorney"), to represent him in his finances with regards to the debt.

24.     On or about September 21, 2018, Plaintiff's attorney sent to FCI by certified mail a Request for Information letter to obtain information regarding the debt pursuant to the Real Estate Settlement and Procedures Act ("RESPA") 12 C.F.R. § 1024.36, and informing FCI that Plaintiff was represented by attorney.

25.     On or about October 2, 2018, FCI sent a letter to Plaintiff's attorney on behalf of WESTCOAST acknowledging receipt of the Request for Information letter from Plaintiff's attorney, and requesting Plaintiff's attorney to send an authorization to release information.

26.     On or about October 4, 2018, Marcel Weise of WEST COAST sent an email to Plaintiff's attorney for the purpose of collecting Plaintiff's debt, stating that he was the owner of Plaintiff's debt.

27.     On or about October 5, 2018, Marcel Weise of WEST COAST called Plaintiff's attorney's office regarding the debt and left a message.

28.　In the month of October 2018, **after Plaintiff's attorney sent the letter regarding representing Plaintiff, defendant Marcel Weise of WEST COAST called Plaintiff on his cellular phone** for the purpose of collecting on the debt; Plaintiff did not answer his phone, and felt harassed by the contact, that his privacy was invaded, and the contact gave Plaintiff anxiety and distress.  Plaintiff immediately contacted his attorney, and told his attorney that Marcel Weise of WEST COAST had attempted to contact him on his cell phone.

29.　On or about October 11, 2018, Marcel Weise of WEST COAST emailed Plaintiff's attorney regarding Plaintiff's debt, stating that he had not heard back from Plaintiff's attorney, and that a Notice of Default was filed on Plaintiff's property on October 3, 2018.

30.　On or about October 16, 2018, Marcel Weise of WEST COAST again emailed Plaintiff's attorney regarding Plaintiff's debt.

31.　On or about October 23, 2018, Plaintiff's attorney and Marcel Weise of WEST COAST exchanged emails regarding Plaintiff's debt and were in communication.

32.　On or about October 24, 2018, Plaintiff's attorney and Marcel Weise of WEST COAST exchanged more emails regarding Plaintiff's debt and were in communication.

33.　On or about October 24, 2018, Plaintiff's attorney sent a Request for Information letter pursuant to RESPA 12 C.F.R. § 1024.36 by certified mail, again informing FCI that Plaintiff was represented by attorney, with an authorization to release information to Plaintiff's attorney.

34.　On or about October 26, 2018, FCI sent an acknowledgment to Plaintiff's attorney that it received the Request for Information letter on October 24, 2018.

35.　Around the time of October 31, 2018, Defendant Marcel Weise of WEST COAST called Plaintiff on his cellular phone for the purpose of collecting the

debt.  In that conversation Marcel Weise of WEST COAST **stated that he knew that Plaintiff was represented by an attorney, had sent information to Plaintiff's attorney**, **and tried to intimidate Plaintiff by telling Plaintiff to "work out a deal" with him directly or else he might lose his house**.  Plaintiff felt harassed by the phone call, that his privacy was invaded, and the phone call caused him anxiety and distress.  Shortly thereafter, Plaintiff contacted his attorney and told his attorney about the phone call.

36.     On or about October 31, 2018, FCI sent documents to Plaintiff's attorney in response to the Request for Information letter.

37.     After October 31 and before November 23, 2018, defendant Marcel Weise of WEST COAST **again called Plaintiff on his cellular phone** for the purpose of collecting on the debt; Plaintiff did not answer his phone, and felt harassed by the contact, that his privacy was invaded, and the contact caused Plaintiff anxiety and distress.   Plaintiff immediately contacted his attorney, and told his attorney that Marcel Weise of WEST COAST **had again attempted to contact him** on his cellular phone.

38.     On or about November 23, 2018, Lexicon Law, PC sent a letter to Marcel Weise of WEST COAST via U.S. mail stating that Plaintiff had retained the legal services of Lexicon Law, PC **and requested that Defendant cease and desist from making any further contact with Plaintiff, and to direct all correspondence and telephone calls to Plaintiff's attorney and to Lexicon Law, PC.**

39.     Despite receiving the November 23, 2018 cease and desist letter from Lexicon Law PC and Plaintiff's attorney**, on or about November 26, 2018,** Marcel Weise of WEST COAST **again contacted Plaintiff in an attempt to collect Plaintiff's debt, by calling Plaintiff on his cellular phone**.  In that phone call, Marcel Weise of WEST COAST stated **he knew Plaintiff was represented by an attorney, that he had contacted the attorney,** that he did not have a competent attorney, and that Plaintiff's attorney was not returning his calls, which was a misrepresentation

since Plaintiff's attorney was and had been in communication by email and with Marcel Weise of WEST COAST.  In that conversation, Marcel Weise of WEST COAST attempted to intimidate and scare Plaintiff into making an arrangement directly with him to pay the debt.  WEST COAST'S phone call caused Plaintiff anxiety and distress from being harassed, and that his privacy was invaded.

40.     Because of WEST COAST'S actions in continuing to contact Plaintiff for the purpose of collecting the debt **after** receiving the cease and desist letter, Plaintiff's attorney sent Marcel Weise of WEST COAST **a second cease and desist letter** on or about November 28, 2018.

## VI. STANDING

41.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claim state:

    a.  a valid injury in fact;

    b.  which is traceable to the conduct of Defendant;

    c.  and is likely to be redressed by a favorable judicial decision.

    See, *Spokeo, Inc. v. Robins,* 578 U.S.___(2016) at 6, and *Lujan v. Defenders of Wildlife,* 504 U.S. 555 at 560.

42.     In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### A.     *The "Injury in Fact" Prong*

43.     Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.).*

44.     For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists.  In the present case, Plaintiff was called on Plaintiff's cellular phone by WEST COAST, even after WEST COAST knew and had knowledge that Plaintiff was represented by Counsel.  Such calls are a nuisance, an invasion of privacy, were harassing and distressing, and an expense to Plaintiff.  *Hartman Meridian Financial*

1  *Services, Inc. 191 F. Supp. 2d 1031 (W.D. Wis. 2002).*  All four of these injuries are

2  concrete and de facto.

3      45.    For an injury to be "particularized" means that the injury must "affect

4  the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins 578 ____(2016)*

5  *at 7*.  It was Plaintiff's personal privacy and peace of mind that were invaded by WEST

6  COAST'S persistent phone calls.  All of these injuries are particularized and specific

7  to Plaintiff.

8              **B.      The "Traceable to the Conduct of Defendant" Prong**

9      46.    The second prong required to establish standing at the pleadings phase

10  is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the

11  conduct of WEST COAST.

12      47.    In the instant case, this prong is met simply by the fact that the calls to

13  Plaintiff's cellular phone were placed by WEST COAST directly.

14              **C.      The "Injury is Likely to be Redressed by a Favorable Judicial**

15              **Opinion" Prong**

16      48.    The third prong to establish standing at the pleadings phase requires

17  Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable

18  judicial opinion.

19      49.    In the present case, Plaintiff's Prayers for Relief include a request for

20  damages for each call made by WEST COAST after WEST COAST received notice

21  that Plaintiff was represented by Counsel on or about September 21, 2018, as

22  authorized by statute in 15 U.S.C. § 1692k(a)(2)(A).  The statutory damages were set

23  by Congress and specifically redress the financial damages suffered by Plaintiff.

24      50.    Furthermore, Plaintiff's Prayers for relief request an award of actual

25  damages to redress the injuries of the past, including emotional distress, and an award

26  of attorney's fees and costs for the actual damages that Plaintiff has had to expend as

27  a direct result of WEST COAST'S violations of the FDCPA.

28      51.    Because all standing requirements of the Article III of the U.S.

1  Constitution have been met, as laid out in *Spokeo, Inc. v. Robins, 578 U.S. ____(2016)*,

2  Plaintiff has standing to sue WEST COAST on the stated claims.

### VII.  CAUSE OF ACTION CLAIMED BY PLAINTIFF

### COUNT 1

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

### [AGAINST ALL DEFENDANTS]

8  52.  Plaintiff incorporates by reference all of the above paragraphs of this

9  Complaint as though fully stated herein.

10  53.  The Plaintiff is a natural person obligated to pay a debt, and thus is a

11  "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3) and also by

12  California Civil Code §1785.3(b).

13  54.  The property is Plaintiff's primary residence, and the proceeds of the

14  debt were used for personal, family and household purposes.  As such, the debt is a

15  consumer "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5).

16  55.  At all relevant times herein, WEST COAST is a "creditor" of a "debt"

17  alleged to be due or owing from a natural person by reason of a consumer credit

18  transaction, as those terms are defined by 15 U.S.C. §§ 1692a(4)-(5).

19  56.  At all relevant times herein, WEST COAST, in the ordinary course of

20  business, regularly, and on behalf of themselves or others, engaged in "debt

21  collection" as that term is defined by California Civil Code § 1788.2(b), and is

22  therefore a "debt collector" as that term is defined by California Civil Code §

23  1788.2(c), and by 15 U.S.C. § 1692a(6).

24  57.  **The actions of WEST COAST in contacting a consumer known to**

25  **be represented by an attorney is an unlawful and abusive attempt to collect a**

26  **debt.**  WEST COAST'S communications with Plaintiff's attorney by email on

27  October 4, 2018 demonstrates that WEST COAST knew and had knowledge that

28  Plaintiff was represented by an attorney as of September 21, 2018. **In spite of this**

**knowledge, Defendant WEST COAST continued to contact Plaintiff, including, but not limited to, calling Plaintiff on his cellular phone after receiving notice and having knowledge that the Plaintiff is represented by an attorney**, which constitutes a violation of 15 U.S.C. § 1692c(a)(2), which is incorporated into the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") through Cal. Civ. Code § 1788.17.  Thus, Defendant has violated 15 U.S.C. § 1692c(a)(2), and has also violated Cal. Civ. Code § 1788.17.

58.    These telephonic communications from WEST COAST constitute an attempt to collect Plaintiff's debt.   These telephonic communications are an instrumentality of interstate commerce being used for the purpose of the collection of debts, and constitute "debt collection" by a "debt collector" as that phrase is defined by Cal. Civ. Code § 1788.2(b) and 15 U.S.C. § 1692a(6).

59.    Despite receiving the November 23, 2018 cease and desist letter from Plaintiff's Counsel, Lexicon Law PC, WEST COAST continued to contact Plaintiff with regard to and for the purpose of collecting Plaintiff's alleged debt, including, but not limited to, **calling Plaintiff on his cellular phone on November 26, 2018.**  In that phone call, WEST COAST stated that it had received the cease and desist letter, knew Plaintiff was represented by an attorney, and that it had been in contact with the attorney.   Such contact after a cease and desist letter was received constitutes a violation of 15 U.S.C. § 1692c(c), and also constitutes a violation of Cal. Civ. Code § 1788.14(c). Thus, WEST COAST has violated 15 U.S.C. § 1692c(c), and Cal. Civ. Code § 1788.14(c).

60.    As a result of WEST COAST'S violations, Plaintiff has suffered actual damages in that Plaintiff has had to consult with his attorney regarding WEST COAST's violations, and has had to expend legal fees and costs to respond to WEST COASTS'S violations.  Plaintiff has suffered an invasion of his privacy and as a direct result of WEST COASTS'S violations, Plaintiff has also suffered emotional distress and anxiety from WEST COAST'S harassing attempts to unlawfully collect a debt by

contacting him on his cellular phone **after** WEST COAST knew and received notice that he was represented by an attorney as of September 21, 2018, and **after** receiving a cease and desist letter from Plaintiff's attorney on November 23, 2018.  In fact, WEST COAST acknowledged that it had received the cease and desist letter during the phone call with Plaintiff on November 26,2018.

61.    As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, including for emotional distress, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant, for each violation;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- Any and all other relief the Court deems just and proper.
- In the event of a default, Plaintiff claims $14,000.00 in damages (including $4,000.00 in statutory damages, $1,000.00 per violation; and $10,000.00 for emotional distress).

## IX  TRIAL BY JURY

62.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

63.    Pursuant to Federal Rule of Civil Procedure 38 and 39, Plaintiffs hereby requests the maximum number of jurors permitted by law.

1   Dated:        January 21, 2019        Respectfully submitted,

2

3

4                                         By: */s/ Tiffany N. Buda*
5                                         TIFFANY N. BUDA
                                          Attorney for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28